IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

MARK A. WHITWORTH                                                          PETITIONER

v.                              NO. 2:25-cv-00087-JM-PSH

USA                                                                         RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

In this case, filed pursuant to 28 U.S.C. 2241, petitioner Mark A. Whitworth ("Whitworth") maintains that his sentence is excessive and unreasonable, and amounts to cruel and usual punishment, because it is beyond his life expectancy. It is recommended that his petition for writ of habeas corpus not be served. Instead, it should be construed as one pursuant to 28 U.S.C. 2255 and transferred to the United States District Court for the Western District of Missouri ("Western District of Missouri").

Whitworth represents that he was sixty-five years old in November of 2022 when he was sentenced in United States v. Whitworth, No. 4:20-cr-00078-DGK-1 (W.D. Mo.), to 235 months imprisonment. See Docket Entry 1 at CM/ECF 1-2. He was placed in federal custody and came to be housed at the Federal Correctional Institution in Forrest City, Arkansas.

In April of 2025, Whitworth filed a motion in United States v. Whitworth, 4:20-cr-00078-DGK-1, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. 2255. In the motion, he challenged his trial attorney's representation on grounds that included counsel's failure to object to the "average length of [Whitworth's] sentence." See Id., Docket Entry 171 at CM/ECF 8. As of July 14, 2025, the motion is still pending.

In May of 2025, Whitworth began this case by filing a petition for writ of habeas corpus. He purported to file the petition pursuant to "28 U.S.C. 2241/2255." See Docket Entry 1 at CM/ECF 1. The Clerk of the Court filed it as one pursuant to 28 U.S.C. 2241. Whitworth alleged in the petition that his sentence is excessive and unreasonable, and amounts to cruel and unusual punishment, because he was sentenced "beyond [his] life expectancy." See Docket Entry 1 at CM/ECF 2. He asked, in large part, that he be re-sentenced.

The undersigned reviewed Whitworth's petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. It appeared that he was challenging his sentence, not its execution, i.e., the manner in which it is being carried out. His petition therefore appeared to be more in the nature of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. 2255 and, as such, should be addressed by the Western District of Missouri. Before recommending that the petition be so construed and transferred to the Western District of Missouri, the undersigned gave Whitworth up to, and including, July 10, 2025, to explain why his petition should not be so construed and not transferred to the Western District of Missouri. That deadline has now come and gone, and he has filed nothing in response.

"Generally, a federal inmate may challenge his conviction or sentence only with the sentencing court through a motion to vacate, set aside, or correct [his] sentence under 28 U.S.C. 2255." See Alexander v. Haynes, No. 2:13-cv-00098-BSM, 2013 WL 5507665, 3 (E.D. Ark. 2013). He may challenge the execution of his sentence, i.e., the "manner in which the sentence is being carried out," by filing a petition pursuant to 28 U.S.C. 2241 in the district of his incarceration. See Id.

The undersigned now conclusively finds that Whitworth is challenging his sentence in United States v. Whitworth, No. 4:20-cr-00078-DGK-1. He maintains that it is excessive and unreasonable, and amounts to cruel and unusual punishment, because he was sentenced beyond his life expectancy. The relief he seeks is primarily that he be re-sentenced. Whitworth is not challenging the execution of his sentence, i.e., the manner in which it is being carried out. Thus, his petition is actually a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. 2255 and, as such, must be addressed by the Western District of Missouri.

It is therefore recommended that Whitworth's petition not be served at this time. Instead, it should be construed as one pursuant to 28 U.S.C. 2255 and transferred to the Western District of Missouri. The Clerk of the Court should close this case.

DATED this 18th day of July, 2025.

_____
UNITED STATES MAGISTRATE JUDGE